# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:05CV134

| | |
|---|---|
| WESTVIEW CHRISTIAN CHURCH, )<br>　　　　Plaintiff　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>vs.　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>CHURCH DEVELOPMENT FUND, )<br>INC., et al.,　　　　　　　　　　 )<br>　　　　Defendants.　　　　　　　 )<br>　　　　　　　　　　　　　　　　 ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Defendants' Motion to Stay Pending Arbitration" (Document No. 3) and the "Defendants' Memorandum of Law in Support of Motion ..." (Document No. 4), both filed March 31, 2005 by Church Development Fund, Inc., Stadia: New Church Strategies, Inc., David Chapman, and Greg Marksberry (collectively, "Defendants"); "Plaintiff's Response to Defendants' Motion ..." (Document No. 17), filed April 13, 2005 by Westview Christian Church; and "Defendants' Reply Memorandum of Law in Support of Motion ..." (Document No. 20). The parties have consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c). A motion hearing was conducted before the undersigned on June 13, 2005, and the Motion to Stay Pending Arbitration is now ripe for disposition.

Having considered the written arguments, arguments presented at the hearing, and applicable authority, the undersigned will <u>grant</u> the Defendants' Motion to Stay Pending Arbitration.

## I. LEGAL ANALYSIS

Church Development Fund, Inc. ("CDF"), Stadia: New Church Strategies, Inc. ("Stadia"), David Chapman, and Greg Marksberry contend here that federal litigation should be stayed in favor

of arbitration. In support of that contention, they point to an arbitration clause included in a Trust Agreement entered into by the parties on August 23, 2003. Westview Christian Church ("Westview"), of course, contends that the arbitration agreement should not be enforced.

The Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement ....

9 U.S.C. § 3. Provisions of the Federal Arbitration Act that provide for a stay of proceedings when one party refuses to comply with an arbitration agreement "manifest a liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991). This policy favoring arbitration guides courts to resolve any doubts regarding arbitration agreements in favor of arbitration, "whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." O'Neil v. Hilton Head Hosp., 115 F.3d 272, 273-274 (4th Cir. 1997) (citation omitted).

Judicial review of arbitration agreements is limited to evaluating "whether a valid agreement to arbitrate exists" and whether "the specific dispute falls within the substantive scope of the agreement." Murray v. United Food and Comm. Workers Intl Union, 289 F.3d 297, 302 (4th Cir. 2002) (citation omitted). Under the Federal Arbitration Act, a party may seek revocation of an arbitration agreement "under such grounds as exist at law or in equity, including fraud, duress, and unconscionability." Snydor v. Canseco Fin. Servicing Corp., 252 F.3d 302, 305 (4th Cir. 2001) (quoting 9 U.S.C. § 2) (citation omitted). Principles of equity may only be used to invalidate an

2

arbitration agreement if "the grounds for revocation relate specifically to the arbitration clause." Id. (citation omitted).

For enforcement of the arbitration agreement, CDF, Stadia, Mr. Chapman, and Mr. Marksberry need only show that a valid arbitration agreement exists and that the dispute falls under the scope of that agreement. Westview concedes that the Trust Agreement dated August 23, 2003 contains an arbitration agreement and that their complaint falls within the scope of the broad agreement. Westview's sole contention is that the arbitration clause contained in the Trust Agreement is unenforceable because it is unconscionable.[1] Westview argues that the Defendants "pre-selected arbitrators"; that the arbitrators have ties to the Defendants; that the arbitrators – as selected in the Trust Agreement – will be biased in favor of the Defendants; that the arbitration agreement "reflects the same level of unfair dealing as the rest of the [Trust Agreement]"; that, according to Nat Wilkinson – one of the Westview Elders that participated in the Trust Agreement discussions – the Elders relied exclusively on Mr. Chapman, the Southeast Regional Director for CDF, in the selection of arbitrators; and that Mr. Wilkinson did not recall any of the Elders expressing preference that the arbitrators all come from North Carolina.[2]

---

[1] In support of its unconscionability contention, Westview cites Murray, 289 F.3d 297 and Hooters v. Phillips, 173 F.3d 933 (4th Cir. 1998). These cases are distinguishable because the arbitration agreements in Hooters and Murray involved employment contracts, provided only the pretense of negotiation, and contained additional provisions strongly favoring the employer. See Murray, 289 F.3d at 303; Hooters, 173 F.3d at 935. Furthermore, the court has emphasized the narrowness of these holdings. Hooters, 173 F.3d at 941 ("This case ... is the exception that proves the rule: fairness objections should generally be made to the arbitrator, subject only to limited post arbitration judicial review.")

[2] Out of an abundance of caution, the Court will consider Mr. Wilkinson's affidavit. The Court reminds the parties that its regular practice is to decide all motions on the papers. LR 7.1. As such, it is critical that all supporting information be submitted in each party's papers. The Court regrets Westview's late introduction of supporting materials – both at the June 13 hearing,

The Court finds each of Westview's contentions unpersuasive. First, there is no support for allegations that CDF and Stadia pre-selected arbitrators or that the arbitrators have ties to CDF and Stadia that would render the arbitration panel impartial. Admittedly the emails presented by Westview at the June 13 hearing contain conversations between CDF Chief Operating Officer Douglas Crozier and Vice President of Real Estate Services Darrell Caldwell, and those conversations indicate that Mr. Chapman initiated the discussion of names for arbitrators. The emails do not show, however, that CDF or Stadia intended either to create an impartial panel or to force their selections on Westview.

Second, the Court rejects as illogical the argument that a panel of senior ministers from Christian Churches would be biased in favor of CDF and Stadia. It seems more likely that the panel would be sympathetic toward another Christian Church, rather than favoring a California corporation. Regardless, there is nothing in the record that establishes bias one way or the other.

Third, arguments by Westview that the arbitration provision was part of a "predatory scheme" or "reflects the same level of unfair dealing" present throughout the Trust Agreement are insufficient absent a showing that the arbitration clause itself was unconscionable or fraudulently induced. See Jeske v. Brooks, 875 F.2d 71, 75 (4th Cir. 1989) ("Because the alleged defects pertain to the entire contract, rather than specifically to the arbitration clause they are properly left to the arbitrator for resolution.").

Finally, the Court finds nothing in Mr. Wilkinson's testimony that expressly contradicts Mr. Chapman's statements that he discussed the selection of arbitrators with the Elders and that the Elders requested a modification to the list of arbitrators so that all arbitrators would come from North

---

which was held only at the discretion of the Court, and by letter submitted after the hearing.

Carolina. The testimony of one Elder that he "did not recall" any discussions about the arbitrators coming exclusively from North Carolina does not sufficiently establish that Mr. Chapman was incorrect in his sworn statement. Because Mr. Chapman's statements are uncontradicted, the undersigned concludes that Westview discussed the identities of the arbitrators with a representative from CDF.

For the foregoing reasons, the undersigned finds that Westview has failed to demonstrate that the arbitration agreement is unconscionable. Because the arbitration agreement is valid and the dispute clearly falls within the scope of the agreement, the arbitration clause should be enforced. Accordingly, the undersigned grants the motion to stay pending arbitration.

## II. ORDER

**IT IS, THEREFORE, ORDERED** that the "Defendants' Motion to Stay Pending Arbitration" (Document No. 3) is hereby **GRANTED**.

**Signed: June 16, 2005**

_David C. Keesler_
David C. Keesler
United States Magistrate Judge